UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY L. WEAVER,

        Plaintiff,

v.                                        Case No.  1:19-cv-990

COMMISSIONER OF SOCIAL          Hon. Janet T. Neff
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits.  The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Judgment (ECF No. 14).  This matter is before the Court on the plaintiff's motion for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,608.75 (ECF No. 15).  The motion is unopposed (ECF 17).

        **I.**        **Discussion**

        The EAJA provides in relevant part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Eligibility for a fee award in a civil action "requires that (1) the

1

claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case.  The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

For reasons discussed in past orders, this Court has determined that the appropriate hourly rate for Social Security Appeals is $175.00.  In re-affirming the reasonableness of this rate, the Court notes that the amount paid to private attorneys under the EAJA is substantially higher than the amount paid to private attorneys to represent criminal defendants under the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A.  This Court currently pays CJA panel attorneys (all of whom are experienced criminal defense attorneys vetted by the Federal Public Defender and the Court) at the rate of $155.00 per hour.  The Court considers the work performed by these two groups of attorneys to be comparable in that both groups are compensated by the taxpayers to represent individuals in litigation involving the federal government.[1]

---

[1] The work involved in defending an individual charged with a federal crime is at least as complicated as litigating a Social Security Appeal, and involves higher stakes for the client (*i.e.*, incarceration in a federal prison).

The timesheets reflect that six individuals worked on this case, resulting in 29.25 attorney hours and 4.9 "law clerk hours" (ECF No. 15-3). The individuals on the timesheets are not identified as either attorneys or law clerks. However, from the attached "professional qualifications of office staff" (ECF No. 15-7), it appears that the four attorneys worked on this case (Frederick J. Daley, Jr., Meredith E. Marcus, Stephen M. Sloan, and Caroline Yount) and that two "law clerks" work on this case (David Solomonik (legal assistant) and Charlotte Blase (office assistant and receptionist).

Plaintiff seeks attorney fees at an hourly rate of $175.00, which is consistent with this Court's past orders. Motion at PageID.836. The time spent by the four attorneys (29.25 hours) falls within the range of time typically spent of Social Security Appeals.[2] Accordingly, plaintiff should be awarded the requested attorney fee in the amount of $5,118.75 ($175.00 x 29.25 hours).

Plaintiff also seeks fees for law clerks at an hourly rate of $100.00 per hour. The Court considers this rate reasonable. While some of the law clerk time charges arguably involve clerical or secretarial tasks, defendant has not objected to those charges. *See Starks v. Commissioner of Social Security*, No. 1:12-cv-519, 2013 WL 2318881 at *2 (W.D. Mich. May 28, 2013) ("The time claimed for a legal assistant's work is compensable under the EAJA when 'it is for work traditionally performed by an attorney rather than for secretarial work, clerical work, or other overhead costs which would not normally be billed to a client.'"). Accordingly, plaintiff should be awarded the requested law clerk fee of $490.00 ($100.00 x 4.90 hours).

---

[2] *See Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

Finally, prior to filing this lawsuit, plaintiff executed an assignment of any EAJA fees awarded to her in this case (ECF No. 15-9). Based on this assignment, plaintiff's counsel asks that the EAJA fee be paid directly to counsel. Counsel's request should be denied. The manner in which the EAJA fee is disbursed is left to the discretion of the Commissioner, not this Court. *See Kerr for Kerr v. Commissioner of Social Security*, 874 F.3d 926, 935 (6th Cir. 2017) ("[A]ttorney fees ordered under EAJA are to be paid to the prevailing party. . . We therefore conclude that although [the prevailing plaintiff] had the right to assign her EAJA fee award to her lawyer, the award itself was payable to [the plaintiff] and the Commissioner had discretion either to honor or not to honor the assignment.").

## II.     RECOMMENDATION

I respectfully recommend that the plaintiff's motion (ECF No. 15) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of $5,118.75 and law clerk fees in the amount of $490.00, for a total fee award of **$5,608.75**.

Dated:  March 19, 2021          /s/ Ray Kent
                                Ray Kent
                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).